UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEIDI A. TAITT and G. PAUL TAITT,<br><br>Plaintiffs,<br><br>vs.<br><br>Select Portfolio Servicing, Inc.,et al,.<br><br>Defendants. | Civil Action No.: 2:25-cv-00008-LEW<br><br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR SUBSTITUTION OF DEFENDANT** |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION
FOR SUBSTITUTION OF DEFENDANT**

**NOW COME** the Plaintiffs, Heidi A. Taitt and G. Paul Taitt, Pro Se, and respectfully object to Defendants' Motion for Substitution of Defendant (ECF No. 47), filed March 26, 2025. The motion seeks to substitute U.S. Bank Trust Company, National Association in place of U.S. Bank National Association, citing a post-removal assignment allegedly executed on March 5, 2025. This attempted substitution should be denied in full for the following reasons:

**I. INTRODUCTION: ATTEMPTED CURE OF FATAL DEFECTS**

1. Defendants removed this action from Oxford County Superior Court, South Paris, on or around January 13, 2025, identifying the Defendants as:

"Select Portfolio Servicing, Inc. ('SPS') and **U.S. Bank National Association**, Individually and in its capacity as Trustee for CIM Trust 2020-R3…" **(Notice of Removal, ECF No. 1)**.

2. Plaintiffs' Verified Complaint named U.S. Bank National Association both

1

individually and as trustee, and further included:

"…any other mortgage-backed securities trusts or associated entities that U.S. Bank claims, alleges, or has asserted are associated with the mortgage loan purportedly secured by Plaintiffs' property…"

3.   Defendants now seek to substitute **U.S. Bank Trust Company, N.A.** as a new party — a post-removal entity that had no stated interest in this matter at the time of filing or removal.

4.   This is <u>not</u> a routine Rule 25(c) substitution. It is a deliberate attempt to retroactively correct a jurisdictional failure, based entirely on an alleged March 5, 2025, assignment executed two months after removal — and ten weeks into litigation.

## II. POST-REMOVAL ASSIGNMENT IS VOID FOR PURPOSES OF JURISDICTION

5.   Jurisdiction must be established **as of the date of removal**, not through post-hoc transactions. ***See Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004); Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996).***

6.   The March 5, 2025 "Corporate Assignment of Mortgage" was allegedly executed:

• After litigation commenced;

• After removal to this Court;

• By SPS, acting as "Attorney-in-Fact" for U.S. Bank N.A.;

• At the request of **Residential RealEstate Review Services, Inc.** — a corporate entity <u>sharing the exact business address, CEO, and executive officers</u> as Defendant Select Portfolio Servicing, Inc. (SPS);  **(See Exhibit A)**

• Executing a post-removal transfer to the *very party they now seek to substitute in* — **U.S. Bank Trust Company, N.A.** — for the <u>exact same trust already named by Plaintiffs from the outset.</u>

7.   This is not a bona fide transfer of legal interest, but rather a circular, self-executed reassignment engineered to shift liability from U.S. Bank N.A. to a party who neither held an interest nor was named in this litigation at the time of removal.

2

8. Rule 25(c) requires that the **party to be substituted had an interest at the time of the original action**. No such interest existed here.

### III. PLAINTIFFS ALREADY NAMED THE TRUST AND ALL AFFILIATED ENTITIES

9. Plaintiffs' Complaint expressly included:

"...any other mortgage-backed securities trusts or associated entities that U.S. Bank claims, alleges, or has asserted are associated with the (alleged) mortgage loan…"

10. The Motion to Substitute does not present a newly acquired legal interest — it seeks only to rebrand a party already contemplated, encompassed, and properly named in the original pleading.

11. The effort to substitute U.S. Bank Trust Company is therefore unnecessary, procedurally improper, and prejudicial. No legal purpose is served by altering the caption to reflect an entity whose interest was acquired **after jurisdiction was invoked.**

### IV. TBW QUITCLAIM CANNOT VALIDATE POST-HOC STANDING

12. Defendants attempt to bolster the chain of title by referencing a **November 30, 2021** Quitclaim Assignment from Taylor, Bean & Whitaker Mortgage Corp. (TBW) **(Exhibit A to ECF 47)**.

13. However, TBW had already disclaimed any legal interest in the alleged Note over a decade earlier, via two **"WITHOUT RECOURSE"** indorsements that appear on the alleged note:
• One allegedly transferring to "IndyMac Bank FSB"; (Stamped VOID)
• Another allegedly transferring the Note to American Bank FSB. (October 2010 – March 2011)

14. Under *Carpenter v. Longan, 83 U.S. 271 (1872)*, the mortgage follows the note. Once the note was transferred "**without recourse**," Taylor Bean & Whitaker (TBW) irrevocably disclaimed any future liability or interest. As defined in legal usage and by Black's Law Dictionary, the term *"without recourse"* is not merely a disclaimer of payment liability — it is a **complete disavowal of any ongoing rights, obligations, or claims under the instrument.** When a note is endorsed "without

3

recourse," the transferor <u>relinquishes all present and future rights</u> to enforce the note, receive payments, or reclaim ownership. It is, in effect, a final legal severance from the instrument.

15. Accordingly, when Taylor, Bean & Whitaker (TBW) executed <u>two</u> "**without recourse**" indorsements on the Note, it legally and permanently disclaimed any enforceable interest. Its subsequent quitclaim assignment, executed more than a decade later, is not just ineffective — it is a legal nullity, incapable of resurrecting rights TBW irrevocably forfeited years prior.

16. The November 2021 Quitclaim is therefore legally irrelevant, and cannot cure standing or authorize a subsequent substitution.

## V. CONTRADICTORY DOCUMENTS REVEAL BAD FAITH AND INCONSISTENCY

17. Defendants have submitted a patchwork of mutually exclusive representations across their filings — none of which can logically coexist, and all of which point to a pattern of reactive fabrication rather than lawful transfer of interest.

18. In their **Motion to Dismiss**, Defendants asserted that **U.S. Bank National Association**, as Indenture Trustee, **holds both the alleged mortgage and the note**. (Page 2 ECF 33, Motion to Dismiss.)

19. In their **Motion to Substitute**, filed March 26, 2025, they claimed that **U.S. Bank Trust Company, N.A.** is the "successor in interest" and proper holder — based solely on a **March 5, 2025 Assignment of Mortgage** executed after this case was removed and after litigation was underway.

20. But the Allonges to the alleged Note 8 — introduced at the Judicial Settlement Conference on **February 20, 2025** — show that the **Note was endorsed 'WITHOUT RECOURSE'** by CIM Trust 2020-R3 to **U.S. Bank Trust Company, N.A.** <u>before</u> the March 5 Assignment</u>.

21. Thus, according to the Defendants' own documents, the alleged **Note was transferred before the Mortgage**, and not by U.S. Bank N.A., but by **CIM Trust 2020-R3**, which had already disclaimed all rights via the "without recourse" language.

22.     This leaves Defendants with two impossible choices:

- If they stand by the March 5 Assignment, then they must explain how U.S. Bank N.A. could assign a mortgage after the alleged Note had already been disclaimed by the CIM Trust 2020-R3 and transferred 'without recourse'. That assignment would be legally void.
- If they argue the mortgage followed the note, then they admit the March 5 Assignment was redundant and legally meaningless — and their substitution motion, which relies on that very assignment, collapses under its own logic.

23.     There is no third path. Defendants have hoisted themselves on their own contradictory filings. If the Note was already assigned on or before February 20, 2025, the Mortgage had already followed — and the March 5 Assignment is either **a fiction** or **an admission of prior misrepresentation**.

24.     Moreover, if the Note was validly indorsed "without recourse" to U.S. Bank Trust Company, N.A. prior to March 5, 2025 — as Defendants' own submitted allonges show — then U.S. Bank N.A. had no remaining legal authority to assign the Mortgage. Under *Carpenter v. Longan*, the mortgage is merely an incident of the debt. Once the debt (Note) was transferred away, U.S. Bank N.A. had no rights in the Mortgage to assign. The March 5, 2025 Assignment was therefore either:

**(a)** a legal nullity, recorded without underlying authority, or

**(b)** a misrepresentation to this Court that the Mortgage had not already followed the Note.

25.     This problem is further amplified by the fact that Defendants relied on the March 5 Assignment in their March 7, 2025 Motion to Dismiss — even though it had not yet been recorded and was legally deficient at the time. This raises serious questions of candor, sequencing, and whether Defendants deliberately attempted to backdate or stage the appearance of jurisdiction after removal had already occurred.

26. Rule 25(c) is not a vehicle to rewrite history or authorize post hoc cleanup of failed jurisdictional structures. The Rule assumes the original party had standing — not that a new party may be conjured into existence months later through self-serving paperwork and contradictory theories.

27. This is not legal advocacy. This is litigation by substitution and evidentiary improvisation. <u>It must be rejected</u>.

### VI. CONTRADICTORY CLAIMS UNDERMINE CREDIBILITY AND SUPPORT DENIAL

28. In their March 7, 2025 Motion to Dismiss (ECF No. 33), Defendants unequivocally asserted that **U.S. Bank National Association**, in its capacity as Indenture Trustee for CIM Trust 2020-R3, was the "holder/owner of the alleged Promissory Note" and the "assignee of record of the Taitt Mortgage." (Page 2.) That representation was made to this Court as the operative factual basis for a dispositive motion — a statement carrying heightened significance under Rule 11 and governing standards of candor to the tribunal.

29. Yet just nineteen days later, in their March 26, 2025 Motion to Substitute (ECF No. 47), Defendants asserted that **U.S. Bank Trust Company, N.A.** — <u>not U.S. Bank N.A.</u> — is the proper party, by virtue of a March 5, 2025 Assignment of Mortgage executed **prior** to the filing of the Motion to Dismiss.

30. Defendants cannot reconcile these positions. The Motion to Dismiss was filed by "U.S. Bank National Association, Individually and in its capacity as Trustee," and the brief unambiguously states that "U.S. Bank is the current assignee of record of the Taitt Mortgage and the holder/owner of the Promissory Note." (ECF No. 33 at 2.) That is a direct representation to this Court that **U.S. Bank N.A. — including in its individual capacity — possessed enforceable rights to both the mortgage and the note as of March 7, 2025**. Defendants now disavow that position, claiming U.S. Bank N.A. was never an assignee and never the proper party.

31. But both statements cannot be true — and if one is false, then the Court was materially

6

misled in reliance on inaccurate factual representations in a dispositive filing. If, as the alleged Note allonges show, U.S. Bank <u>Trust</u> Company, N.A. had already received the alleged Note via a "without recourse" indorsement prior to March 5, then U.S. Bank National Association no longer held any enforceable interest — and its representation in the March 7 Motion to Dismiss that it was "the current assignee of record of the Taitt Mortgage and the holder/owner of the Promissory Note" was materially false.

32. Conversely, if U.S. Bank National Association still held the alleged Note and Mortgage as of March 7, then the March 5 Assignment — which purported to transfer those same rights to U.S. Bank Trust Company — was legally ineffective. A party cannot assign rights it does not possess. See **U.C.C. § 3-203(b)** ("[a] transfer of an instrument...vests in the transferee any right of the transferor to enforce the instrument"). If there was no valid transfer, there is no successor — and no basis for substitution under Rule 25(c).

33. This contradiction is further magnified by the "WITHOUT RECOURSE" indorsement shown on the final new allonge to Note 8, allegedly in existence no later than February 2025, as presented at the Judicial Settlement Conference. That indorsement bypassed U.S. Bank N.A. Entirely, allegedly transferring the Note directly from CIM Trust 2020-R3 to U.S. Bank <u>Trust</u> Company, N.A., and **permanently severing U.S. Bank N.A.'s enforceable interest**.

34. If the allonge is valid, then U.S. Bank N.A. had no standing to file a Motion to Dismiss — and its assertion of ownership in that March 7 filing was not just mistaken, but materially false. If the allonge is not valid, then the substitution rests on a fabricated chain of title. Either outcome fatally undermines the credibility of Defendants' filings and extinguishes the factual foundation for both the Motion to Dismiss and the Motion to Substitute.

35. These conflicting narratives reveal either:

• That Defendants are advancing inconsistent legal theories in hopes that one will escape scrutiny, or

7

• That assignments and allonges are being manufactured post-litigation to conform to an evolving litigation narrative.

36. Rule 25(c) was never intended to facilitate strategic substitutions or endorse contradictions between sworn filings. It cannot be used to rewrite standing history mid-case or to shield litigants from the consequences of misrepresentation.

37. Plaintiffs respectfully submit that these contradictions warrant not only denial of the Motion to Substitute, but judicial scrutiny of Defendants' overall litigation conduct and evidentiary reliability.

### VII. CONTINUED MISUSE OF PLAINTIFFS' HOME ADDRESS

38. Defendants continue to reference Plaintiffs' home address ("RE: 55 Thompson Lane") in the document caption — despite:

• Prior objections;

• The fact that the address is **not part of the official caption**;

• Violations of Rule 5.2 and Local Rule 7(f).

39. This repeated use serves no legitimate purpose and reflects either intentional disregard or harassment. The Court should again take judicial notice of this repeated improper conduct.

### VIII. DEFENDANTS' SHIFTING STANDING CLAIMS UNDERMINE ALL PRIOR FILINGS

40. Defendants have taken mutually exclusive positions regarding who held the alleged Note and Mortgage at the time of removal and during early motion practice — and those contradictions strike at the heart of both their Motion to Dismiss and the present Motion to Substitute.

41. In their **Notice of Removal** filed January 13, 2025 (ECF No. 1), Defendants stated that the proper parties were:

"U.S. Bank National Association, **Individually and in its capacity as Trustee** for CIM Trust 2020-R3…"

8

42. In their **Motion to Dismiss** filed March 7, 2025 (ECF No. 33), Defendants doubled down on that claim, stating on **Page 2**:

"U.S. Bank National Association, as Trustee for CIM Trust 2020-R3, is the **holder/owner of the Promissory Note and assignee of record of the Taitt Mortgage.**"

43. But just **nineteen days later**, in their **Motion to Substitute** (ECF No. 47), Defendants reversed course and claimed:

"Although Plaintiffs named U.S. Bank National Association… this entity **was never an assignee of the subject mortgage.**"

44. Instead, they now argue that the correct party should be:

"U.S. Bank <u>Trust</u> Company, National Association, **as successor-in-interest** to U.S. Bank National Association…"

based on an **Assignment of Mortgage dated March 5, 2025** — which did **not exist in the recorders office at the time of removal** <u>or at the time they filed their Motion to Dismiss</u>.

45. These statements cannot all be true. If **U.S. Bank NA was not the assignee** of the alleged Mortgage and Note, then:

• U.S. Bank NA **lacked standing to remove** the case to federal court on January 13;

• U.S. Bank NA **lacked standing to file a Motion to Dismiss** on March 7;

• Every representation and filing made in the name of U.S. Bank NA was jurisdictionally defective.

46. Conversely, if U.S. Bank NA did hold the alleged Note and Mortgage on March 7, 2025, as claimed in the Motion to Dismiss, then:

• The March 5, 2025 Assignment to U.S. Bank Trust Company was a **post-hoc divestiture**;

• Defendants have failed to establish that U.S. Bank Trust Company, N.A. was the real party in interest at the time of removal, at the time of filing, or at the time of the Motion to Dismiss — making substitution improper and unsupported under Rule 25(c).

9

- Substitution under Rule 25(c) is unnecessary and deceptive.

47. Defendants cannot have it both ways. The Court is now faced with **two mutually exclusive representations**, both made under official filings and both submitted by the same counsel.

48. Rule 25(c) is not designed to enable mid-litigation party swaps to avoid accountability, nor to allow shell-game substitutions when prior representations collapse under scrutiny.

49. These contradictions further support not only the denial of the Motion to Substitute, but raise grave concerns about **candor to the Court**, as prohibited under **Fed. R. Civ. P. 11** and the Maine Bar Rules of Professional Conduct.

**A. U.S. Bank N.A. Cannot Disavow a Role from Which It Has Profited for Years**

50. In addition to being properly named in the Complaint and Removal Notice, U.S. Bank National Association has directly profited from the alleged mortgage at issue since at least 2017 — and possibly earlier, based on documents in Plaintiffs' possession.

51. This is not a passive administrative role. U.S. Bank N.A. has served as Indenture Trustee for CIM Trust 2020-R3 during key periods of servicing, assignment, and alleged enforcement — all of which form the basis for Plaintiffs' Verified Complaint.

52. To now claim that U.S. Bank N.A. was never the correct party — after years of collecting, assigning, and appearing in court filings — is not only disingenuous, it is jurisdictionally abusive. Having held itself out as the secured party in court and registry filings, and having profited from the alleged debt instrument, U.S. Bank N.A. cannot retreat from the consequences of its conduct now that liability is at issue.

53. As such, substitution is not merely improper — it would function as a judicially sanctioned evasion of accountability. U.S. Bank N.A. was sued in its correct capacities, removed the case voluntarily, and filed dispositive motions asserting ownership. It must now answer for those assertions — and for the Counts set forth in Plaintiffs' Verified Complaint.

**B. Misrepresentation of Client Capacity**

54. Plaintiffs note a troubling contradiction that goes to the core of this substitution request. Defendants now assert, in Paragraph 2 of their Motion to Substitute, that **U.S. Bank National Association "was never an assignee of the subject mortgage."** Yet Attorney Reneau Longoria and her firm Doonan, Graves & Longoria LLC have represented in every filing — including the Notice of Removal, Motion to Dismiss, and Opposition to Remand — that they were appearing on behalf of U.S. Bank National Association, Individually and in its capacity as Trustee for CIM Trust 2020-R3.

55. If U.S. Bank N.A. was never a party in interest, then who exactly was Defense counsel representing when they removed the case, asserted ownership of the alleged Note and Mortgage, and opposed remand? Conversely, if U.S. Bank N.A. was a party in interest, then this substitution request is a false retroactive correction and an admission that Defendants have been litigating for months under false pretenses.

56. Either explanation undermines the legal legitimacy of prior filings and raises serious questions about Defense counsel's candor to the Court. Plaintiffs respectfully suggest that these contradictions are further evidence of strategic misrepresentation and willful evasion of accountability — and provide yet another reason to deny substitution.

57. Additionally, Plaintiffs note that the Judicial Settlement Conference (JSC) held on February 20, 2025, was convened under Judge Nivison's explicit directive that a key decision-maker from each Defendant be present. Despite Judge Nivison directive a single corporate attorney appeared on behalf of both Defendants, alongside Attorneys Longoria and Doonan, and affirmatively represented U.S. Bank National Association as the party authorized to speak, negotiate, and decide. That group made coercive statements indicating their intent to dismiss Plaintiffs' complaint and foreclose — before offering a reinstatement proposal.

58. Yet, in their March 26, 2025 Motion to Substitute, Defendants now claim that U.S. Bank N.A. Individually was never the real party in interest. This is not merely a procedural inconsistency — it is a material contradiction that calls into question the legitimacy of representations made to both the Court and the Plaintiffs during a judicially supervised proceeding.

59. Plaintiffs reserve the right to fully address this issue in their forthcoming Motion for Sanctions, but respectfully submit that this latest misrepresentation further confirms the pattern of evasive, bad-faith litigation conduct described throughout this Opposition.

## IX. CONCLUSION

60. This Motion for Substitution is not a benign procedural correction. It is a strategic attempt to remove a fully named, fully liable party — U.S. Bank National Association — only after jurisdiction was challenged, evidence contested, and fatal contradictions exposed.

61. Defendants now claim that U.S. Bank N.A. "was never an assignee of the alleged subject mortgage." Yet:

• Specifically, they named **U.S. Bank N.A.** in their own Notice of Removal (ECF No. 1);

• They filed a Motion to Dismiss asserting that **U.S. Bank N.A.** held the alleged Note and Mortgage (ECF No. 33);

• And they never disclosed U.S. Bank <u>Trust Company</u> until March 26, 2025 — based on a post-litigation assignment <u>that did not exist at removal</u>, **or even when the Motion to Dismiss was filed**.

62. Rule 25(c) substitution requires a continuity of interest — not a **rebranding** of the litigation after the fact to cover up jurisdictional defects. The March 5, 2025 Assignment was:

• Executed after removal,

• Signed by a conflicted agent (SPS) through its **own proxy**, Residential RealEstate Review,

• And designed to shift liability to an entity that played **no role** in this litigation until months after it began.

12

63. Defendants may attempt to frame these contradictions as clerical, evolving, or harmless. They are not. **Standing is a constitutional requirement**, not a litigation strategy. A party **cannot remove a case without standing**, litigate for months, and then substitute in a new actor once their procedural footing collapses.

64. Plaintiffs have spent over two months and hundreds of hours defending motions, researching law, and responding to filings — all based on a **false premise** that U.S. Bank N.A. had lawful authority to invoke this Court's jurisdiction. That is not a harmless error. It is a **material misrepresentation** that:

• Wasted judicial resources,

• Prejudiced Plaintiffs,

• And directly undermined the integrity of the removal process.

65. The law does not tolerate jurisdictional ambushes or strategic shape-shifting to avoid accountability. To grant substitution here would not promote efficiency — it would **ratify gamesmanship** and erode the fundamental standards of standing and candor required before this Court.

66. Substitution in this context would not serve judicial efficiency — it would endorse litigation gamesmanship and **undermine the integrity of this Court's jurisdictional authority**.

67. This pattern of factual representations, when taken together, confirms that Defendants are not merely confused — they are engaged in calculated, bad-faith litigation tactics, the full consequences of which will be addressed in a forthcoming motion for sanctions.

Rest of page intentionally left blank

## X. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

**1. DENY** Defendants' Motion for Substitution of Defendant (ECF No. 47) in its entirety;

**2. STRIKE** the March 5, 2025 Assignment of Mortgage as a post-removal nullity, executed without legal authority or standing;

**3. ORDER** that Defendants proceed under the original named parties as stated in the Complaint and Notice of Removal; and

**4. DECLARE** that all post-removal filings submitted by or on behalf of U.S. Bank N.A. were made without jurisdictional standing, and are therefore subject to being stricken from the record;

**5. GRANT** such other and further relief as this Court deems just and equitable in the interest of justice.

Respectfully Submitted,

/s/ **Heidi A. Taitt**
**Heidi A. Taitt, Pro Se Plaintiff**

/s/ **G. Paul Taitt**
**G. Paul Taitt, Pro Se Plaintiff**

Dated: 27th day of March, 2025

**Mailing Address:**
55 Thompson Lane
Hartford, Maine 04220
Tel: 207-778-1969
Email: **paultaittusa@gmail.com**

## CERTIFICATE OF SERVICE

We, **Heidi A. Taitt and G. Paul Taitt**, hereby certify that on this 27th day of March, 2025, a copy of the foregoing PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR SUBSTITUTION OF DEFENDANT was filed electronically and served via the Court's CM/ECF system upon all counsel of record.

Additionally, hard copies were sent via **certified mail, return receipt requested**, to Defendants' legal representatives at the following address:

**/s/ Heidi A. Taitt**
**Heidi A. Taitt, Pro Se Plaintiff**

**/s/ G. Paul Taitt**
**G. Paul Taitt, Pro Se Plaintiff**

Dated: 27th day of March, 2025

**Copies to be sent to:**
Reneau J. Longoria, Esq.
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303-C
Beverly, MA 0191