UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEIDI TAITT & G. PAUL TAITT, | ) |
|     Plaintiffs | ) |
| v. | )    2:25-cv-00008-LEW |
| SELECT PORTFOLIO SERVICING, INC., et al., | ) |
|     Defendants | ) |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs move for a second time to amend their complaint. (Second Motion to Amend, ECF No. 103.) Defendants oppose the motion. (*See* Opp'n to Second Motion to Amend, ECF No. 108.) Following a review of the record and after consideration of the parties' arguments, the Court grants Plaintiffs' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their original complaint in Maine state court in December 2024. The following month, the action was removed to federal court pursuant to 28 U.S.C. § 1441. On January 27, 2025, Plaintiffs filed a motion to remand the matter to state court. They also filed their first motion for leave to amend the complaint, seeking to incorporate newly discovered evidence and to "eliminate any references to federal law that might . . . serve as a basis for federal jurisdiction." (First Motion to Amend at 2, ECF No. 13.)

Following a conference with the parties, the Court stayed all deadlines to permit the parties to participate in a Judicial Settlement Conference. In February 2025, the parties participated in a settlement conference, but did not resolve the matter. The Court then

established March 7, 2025, as the deadline for Defendants to respond to Plaintiffs' complaint. Defendants timely moved to dismiss the complaint for failure to state a claim. In addition to their opposition to the motion, Plaintiffs filed a supplement to their first motion to amend and several other motions.

On July 21, 2025, the Court issued an order granting Defendants' motion to dismiss in part, denying Plaintiffs' motion to remand, and denying Plaintiffs' first motion to amend without prejudice – permitting Plaintiffs to file a new motion to amend on or before August 1, 2025. Plaintiffs did not timely file a motion to amend by August 1, but instead engaged in efforts to challenge the Court's July 21 order. On August 20, 2025, the Court denied Plaintiffs' pending motions and extended the deadline for Plaintiffs to file a motion to amend and proposed amended complaint to August 29, 2025. On August 28, 2025, Plaintiffs attempted to file an amended complaint without a motion. Because the Plaintiffs had not obtained Defendants' consent or leave of Court, the filing was stricken. On August 29, 2025, Plaintiffs filed the second motion for leave to amend with a proposed amended complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), after the time for amendments as a matter of course has expired, a party may amend her pleading only with the consent of the adverse party, or by obtaining leave of court. Fed. R. Civ. P. 15(a)(2). A court is to "freely give leave when justice so requires." *Id.* "[T]his mandate is to be heeded":

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

2

>opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as [Rule 15(a) requires], be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Rule 15(a)(2) does not explicitly provide as much, the relief authorized by that rule is not binary in nature: in the right case, a court may grant leave to amend subject to certain conditions. *Addamax Corp. v. Open Software Found., Inc.*, 149 F.R.D. 3, 5 (D. Mass. 1993).

Rule 15(a) does not govern all amendment efforts. "A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004). "As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting." *Id.* at 12. Where a motion to amend is filed after the deadline for amendment of the pleadings established by a scheduling order, Rule 16(b) supplies the relevant standard—i.e., "good cause." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-55 (1st Cir. 2004). "Unlike Rule 15(a)'s 'freely given' standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." *Id.* at 155 (citation omitted).

## DISCUSSION

In opposing the motion for leave to amend, Defendants assert that under Federal Rule of Civil Procedure 16(b), Plaintiffs must demonstrate good cause for the amendment and have not satisfied that requirement. Plaintiffs argue that their motion is governed by Rule 15(a). Plaintiffs maintain that "Rule 16(b)'s 'good cause' standard applies only where

3

a party seeks to amend after the expiration of a court-ordered deadline." (Pl's Reply at 3, ECF No. 109.)  Plaintiffs maintain that their second motion for leave was timely filed—before expiration of the extended deadline of August 29, 2025, established by the Court.  While the timing of Plaintiffs' motion is a relevant factor for the Court's consideration in assessing whether to grant the motion, because the Court has not issued a scheduling order, the Rule 16 amendment standard does not apply.

Defendants cite two factors that weigh against permitting the amendment under Rule 15(a) and *Foman v. Davis*: Plaintiffs' unreasonable delay in seeking the amendment and the undue prejudice to Defendants if the amendment is permitted.[1]  They also contend that amendment of the complaint will not prejudice Defendants, as discovery has not commenced, and the amended complaint narrows the issues for resolution by removing four counts and reducing the pleading from over 100 pages to approximately 50 pages.

After the case was removed to federal court, Plaintiffs filed several motions in connection with their effort to return the matter to state court.  Defendants moved to dismiss the matter.  The parties' motion practice contributed to and informed to some degree the timing of Plaintiffs' motion.  Plaintiffs' multiple filings following the Court's July 21 order also necessarily resulted in some needless delay in the progress of the case.  Defendants had to respond to, and the Court had to rule on, several arguments the Court found to lack merit.

---

[1] Defendants further argue that even if the Court grants the motion, the Court should order Plaintiffs to pay some of the attorney fees Defendants have incurred to this point.

For delay to qualify as "undue," the delay "must be both substantial and unjustified." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 37 (1st Cir. 2022). Determining whether delay qualifies as substantial is "not simply a matter of counting days but, rather, depends on the totality of the circumstances in the particular case." *Id.* (quotation marks omitted). Here, while some of the delay was unjustified (e.g., the extension of the deadline to file the motion to amend due to the time necessary to resolve Plaintiff's meritless filings), the length of the delay does not warrant the denial of the motion. *Compare id.* at 38 (concluding that 28-day delay in filing motion for leave fell "well short of the timeframes that" the First Circuit has identified as "undue" and could not "be characterized as substantial") *with Zullo v. Lombardo (In re Lombardo)*, 755 F.3d 1, 3-4 (1st Cir. 2014) (suggesting that fourteen to seventeen months qualifies as a "considerable" period of delay warranting explanation by plaintiff and affirming district court's denial of request for leave to amend filed on the eve of trial, after seventeen-month delay, in the absence of any explanation for delay by plaintiff).

As for Defendants' contention that the timing of the motion is unduly prejudicial to them, the Court is unconvinced. *Steir v. Girl Scouts of the USA*—which Defendants cite for the proposition that protracted delay, and its consequent burdens on the opponent, may be an adequate reason to deny leave—is distinguishable. In that case, the plaintiff moved for leave to amend her complaint to add a new legal theory of recovery into the litigation after discovery had closed. 383 F.3d at 11-12. If the motion had been granted, it would have been necessary to reopen discovery, postpone a scheduled hearing on pending motions for summary judgment, and likely continue the trial. *Id.* at 13. As the First Circuit

5

observed in evaluating the matter on appeal, the issue was "not whether allowing the amendment would have been prejudicial—it would have been—but whether it would have been unfairly so." *Id.*

In this case, a scheduling order has not yet issued, discovery has not commenced, and permitting the amendment is not likely to substantially delay resolution of the matter. Furthermore, unlike the proposed amendment in *Steir*, the proposed amendment here does not meaningfully add a new legal theory of recovery to the case.[2] If anything, the proposed amendment appears to reduce the scope of the legal issues for decision. As Plaintiffs note, the proposed amendment removes from the original complaint flawed counts that the Court dismissed, removes other counts in an apparent effort to reduce the scope of the dispute, and incorporates new information. *See Amyndas Pharms.*, 48 F.4th at 37 ("Generally, valid reasons [for seeking leave to amend] include a motion to dismiss or a ruling from the court pointing out flaws in the original pleading or the discovery of new information."). In sum, the amendment would not unfairly prejudice Defendants.

---

[2] The proposed amended complaint contains the following claims, by count: (1) violation of the Maine Unfair Trade Practices Act (previously asserted in the original complaint in count 8); (2) fraudulent misrepresentation (previously asserted in the original complaint in count 1); (3) fraudulent scheme, which Plaintiffs describe as "Common Law Fraud via Misrepresentations and Concealed Communications" (not separately set forth in the original complaint – although the concepts of concealment, fraud, and misrepresentation were themes through the entirety of the original complaint); (4) fraudulent inducement and ratification (not separately set forth in the original complaint, but the concept of fraudulent inducement appeared in the original complaint in count 1); (5) negligent misrepresentation (not separately set forth in the original complaint, but related to the fraudulent misrepresentation claim set forth in count 1); (6) unjust enrichment (previously asserted in the original complaint in count 5); (7) filing of false documents (previously asserted in the original complaint in count 6); and (8) a separate claim for violation of the Maine Unfair Trade Practices Act (previously raised in the original complaint in count 8, but not formulated in the same manner).

## CONCLUSION

After considering the relevant factors and assessing the parties' respective arguments and interests, the Court grants the Plaintiffs' second motion for leave to amend.[3] On or before December 3, 2025, Plaintiffs shall file the amended complaint as a separate docket entry.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison<br>
U.S. Magistrate Judge

Dated this 20th day of November, 2025.

---

[3] The Court discerns no reason to award Defendants any attorney fees in connection with the motion.